FILED

2004 SEP 16  A 10: 42

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTITUTION STATE CHALLENGE, INC. and NORTHEASTERN OPEN INVITATIONAL, INC.<br><br>Plaintiffs<br><br>v.<br><br>JOHN NYMCHEK and CATHI NYMCHEK ,<br><br>Defendants | CIVIL ACTION NO.:<br><br>3:00 CV 650 (CFD)<br><br><br><br>September 15, 2004 |

## MOTION TO ENFORCE JUDGMENT

Constitution State Challenge, Inc. et al., Plaintiffs in the above matter, represent to this Court as follows:

1. This matter is a civil action which was resolved by a Stipulated Agreement presented before this Court (Smith, J.) on December 1, 2003.

2. A provision of the Stipulated Agreement provided, in part, that Defendants would not, for a period of one year, own, organize, permit others to organize in their names, or lead people to believe that they own or have organized any [dance] competitions in New York State[1].

---

[1] Transcript of proceedings of 12/01/03 at page 3

3. Said Stipulated Agreement also provided that if there was any breach of the Stipulated Agreement the Court may summarily enter Judgment for the Plaintiff's in the amount of $10,000.00 plus reasonable fees and costs and such other relief as the Court deems appropriate[2].

4. Less than one year has passed since the entry of said Stipulated Agreement.

5. In the July/August 2004 edition of *Amateur Dancers*,[3] at page 30 therein there appears the following notice:

**Jun – 5 – 2005**
**Dancesport International Championships**
White Plains, NY
Sanctioned by USABDA's[4], USA DanceSport Council
Organized by John and Cathy Nyemchek
(See Exhibit A attached hereto and made a part hereof)

6. This notice appeared substantially less than one year after the time limitation specified in the Stipulated Agreement for Defendant's to refrain in any way from participating in any organization or presentation of future dance competitions.

7. The dance competition referenced hereinabove is not sanctioned by the National Dance Counsel of America. It is, in the parlance of the Stipulated Agreement, an *unsanctioned* competition.

---

[2] Transcript of proceedings of 12/01/03 at page 3
[3] A trade publication circulated in the ball room dance community
[4] United State's Amateur Ballroom Dance Association

8. The ban referenced above with regard to Defendant's participation in dance competition calls for a three-year time limit for unsanctioned competitions.

9. Defendant's are in violation of the Stipulated Agreement entered into by the Parties on December 1, 2003.

WHEREFORE, for the reasons as recited hereinabove, Plaintiffs pray that this Court will:

1. Enter summary judgment against the Defendants in the amount of $10,000.00.

2. Order that Defendants pay Plaintiffs' fees and costs[5] incurred in the preparation, filing and prosecution of this Motion. .

3. Order that Defendant's cancel the dance competition referenced in Paragraph 5 herein and publicly withdraw and rescind all notices, advertisements and publicity associated therewith.

---

[5] Legal fees for Plaintiffs in the preparation, filing and prosecution of this Motion are billed at $210.00 per hour. Time incurred up to and inclusive of the date and time of filing this Motion are 3.70 hours @ $210.00 per hour equals $777.00. Counsel for Plaintiffs will, at the time of final resolution of the issues presented herein, present a more detailed bill of fees and costs.

Dated at Hartford, CT this 15th day of September, 2004.

                                          PLAINTIFFS
                                          BY THEIR ATTORNEY

_____
Leon M. Kaatz
111 Oak Street
Hartford, CT 06106
(860) 247-5640
Federal Bar No. 00037

### ORDER

The foregoing motion having been heard by the Court it is hereby ordered: GRANTED/DENIED.

                                          THE COURT

                                          By:_____
                                                  Judge/Clerk

### CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed Certified mail and first class mail, postage prepaid to Defendants John and Cathi Nyemchek, 970 Tilton Road; Valley Cottage, NY 10989 and to Attorney John Linderman, McCormick Paulding & Huber LLP, 185 Asylum Street, Hartford, CT 06103 on or before the 15th day of September, 2004.

_____
Leon M. Kaatz
Commissioner of the Superior Court

# Competition Calendar

**August 1, 2004**
*NJ DanceSport Classic Summer Sizzler*
Hackensack N.J.eart of Florida
Chapter Classic
Organized by Wendi Davies and Mario Battista. For more information, 973-449-7654 or www.njdancesportclassic.com

**August 13-15, 2004**
*USABDA National DanceSport Championships*
Join us at the RiverCentre Roy Wilkins Auditorium in historic downtown St. Paul, Minnesota for the premier DanceSport event of the year! Hosted by USABDA-Minnesota. More details, a tentative schedule, etc. are available now at the National Championships website.

**Oct 8 - 9, 2004**
*SouthEastern Regional DanceSport Championships*
The Georgia World Congress Center, Atlanta. Qualifying event for USABDA National Championships. For more info, http://atlantasrc.org/, or contact, Ann Smith, 404-816-9939, annsmith.src@comcast.net

**Oct 23, 2004**
*USABDA NW's Quest for the Best*
Washington Dance Club, 1017 Stewart Street, Seattle, WA. Organized by NW Chapter. Sanctioned by USABDA. For more info:
http://www.image-that.com/quest2004/.

**Nov 6, 2004**
*California State Amateur DanceSport Championships*
Organized by the USABDA NorCal Chapter. Contact: Jim Kleinrath (650) 591-6757, or
visit www.usabda-norcal.org

**Nov 13 - 14, 2004**
*Nyemchek's Junior All-Star Ballroom Dance Competition*
Three Saints Cultural Center, Garfield, New Jersey. IDSF Sanctioned Youth Latin and Standard Championships. USABDA Sanctioned pre-teen through youth events.
Organizers: Spencer & Elena Nyemchek
(201) 801-0147

**Oct 10, 2004**
*NJ DanceSport Classic Fall Frolic*
Hackensack, NJ. Sanctioned by USA Dancesport. Organized by Mario Battista and Wendi Davies. For more info, www.njdancesportclassic.com, or call 973-325-1399.

**Jan 14 - 16, 2005**
*Manhattan Amateur Classic*
Columbia University, Manhattan. Co-sponsored by Greater NY Chapter of Usabda and Columbia University Ballroom team. Sanctioned by USADanceSport.
For more info: www.nyusabda.org

**Jan 29, 2005**
*Royal Palm DanceSport Championship*
Hosted by the Royal Palm Chapter.
Contact Bernard T. Matos
for information via e-mail
usabda@brny.net or call
561-622-8560.

**Feb 18 - 19, 2005**
*Greater Knoxville Chapter's Smokey Mountain Dancesport Championships*
The Knoxville Marriott, Knoxville, TN. Sponsored by Greater Knoxville Chapter. USADanceSport Sanctioned.
For further information contact
Tim McGhee, 865-386-7843.

**Apr 1 - 2, 2005**
*North Central (Region 2) Regional Championships*
Louisville, Ky.
Qualifying event for the National Championships.
Sponsored by
the Greater Louisville Chapter.
Contact wixbury@bellsouth.net

**Jun 3 - 4, 2005**
*USABDA SOUTH CENTRAL REGIONAL CHAMPIONSHIPS*
Holiday Inn Select Hotel & Conference Center, Baton Rouge, LA.
Organized by New Orleans chapter and Louisiana DanceSport.
Qualifying event for 2005 USA DanceSport National Championships.
For more info contact Ann Durocher at 504-722-4800.

**Jun 3 - 5, 2005**
*Dancesport International Championships*
White Plains, N.Y.
Sanctioned by USABDA's USA DanceSport Council.
Organized by
John and Cathy Nyemchek.

**Jun 11, 2005**
*USABDA WESTERN REGIONAL DANCESPORT CHAMPIONSHIPS*
San Jose Civic Auditorium
San Jose, California.
Hosted by the Norcal Chapter.
Qualifying event for the 2005 USABDA National Championships.
For more information contact
James Kleinrath
president@usabda-norcal.org,
(650) 591-6757.
Website, http://www.usabda-norcal.org
see website in 2005.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - x

CONSTITUTION STATE                : No. 3:00CV650(CFD)
CHALLENGE, INC.

        Plaintiff

    vs.

JOHN NYEMCHEK and
CATHI NYEMCHEK
                                  : HARTFORD, CONNECTICUT
        Defendants  : DECEMBER 1, 2003

- - - - - - - - - - - - - - - x

CHAMBERS CONFERENCE

BEFORE:

    HON. THOMAS P. SMITH, U.S.M.J.

APPEARANCES:



    FOR THE PLAINTIFF:

        MCCORMICK, PAULDING & HUBER
            CityPlace II
            185 Asylum Street
            Hartford, Connecticut 06103-4102
        BY: JOHN C. LINDERMAN, ESQ.

        KAATZ & PEIKES
            111 Oak Street
            Hartford, Connecticut 06106
        BY: LEON M. KAATZ, ESQ

    FOR THE DEFENDANTS:

            JOHN NYEMCHEK, PRO SE
            CATHI NYEMCHEK, PRO SE
            970 Tilton Road
            Valley Cottage, New York 10989

                                        Darlene A. Warner, RDR-CRR
                                        Official Court Reporter

2

```
 1
 2                         3:40 P.M.
 3          THE COURT:  We're on the record this afternoon
 4   in this case.  I have been meeting all day with the
 5   parties to this case and counsel for the parties and it
 6   appears to me that we have reached a settlement of the
 7   case.  And the settlement agreement is written down on
 8   several pieces of paper which are before me and which I've
 9   pieced together and everybody has seen me piece together.
10   I have gone over all of the following provisions with the
11   parties in this case and with counsel and I have been
12   advised that what I am about to read is agreeable to
13   everyone here.
14          All right.  The settlement agreement is
15   essentially in eight parts and I'm going to read these
16   now.
17          Part one.  The defendants will relinquish to
18   plaintiffs all of their stock in Constitution State
19   Challenge, Inc. (CSC) and Northeastern Open Invitational,
20   Inc. (NEO), as well as any claims they might have to any
21   assets or good will of said corporation.
22          Part two.  Defendants will withdraw any
23   presently pending applications they now have with the
24   National Dance Council of America (NDCA) for the right to
25   run a dance competition and will make no new applications
```

```
 1   for a period of one year.
 2              Three.  For the periods set forth below John and
 3   Cathi Nyemchek will not own, organize, permit others to
 4   organize in their names, or lead people to believe that
 5   they own or have organized:
 6              a.  Competitions in Connecticut for ten years;
 7              b.  Competitions in New York, New Jersey,
 8   Massachusetts, for one year;
 9              c.  Unsanctioned competitions in New York, New
10   Jersey or Massachusetts for three years;
11              d.  Competitions in Connecticut, New York, New
12   Jersey or Massachusetts for 90 days of any existing
13   competition for ten years.
14              MR. KAATZ:  Within 90 days.
15              MS. NYEMCHEK:  That's NEO or CSC competition,
16   right?
17              THE COURT:  Can we go on?
18              Four.  In the event the court finds there has
19   been a breach of this agreement, it may summarily enter
20   judgment for the plaintiffs in the amount of $10,000 plus
21   reasonable fees and costs and such other relief as the
22   court deems appropriate.
23              Five.  Defendant will not make any disparaging
24   remarks concerning plaintiffs or any of the principals and
25   plaintiffs to any persons who are in any way related to
```

1   the dance community. The principals in plaintiff's
2   corporations will not make any disparaging remarks
3   concerning defendants to any persons who are in any way
4   related to the dance community.
5            Judge Smith shall have the power to summarily
6   decide whether any party has breached this
7   non-disparagement clause and may in his discretion award
8   the non-breaching party whatever relief he deems
9   appropriate, including, but not limited to, money damages
10  he believes appropriate, reasonable fees and costs, and
11  contempt of court.
12           Six.  The parties agree that Judge Smith shall
13  retain jurisdiction of this case for the purpose of
14  summarily enforcing this settlement agreement if
15  necessary.  And they further agree that any decision so
16  made by Judge Smith shall be final, binding and
17  non-appealable.
18           Seven.  This settlement agreement is intended to
19  be incorporated into the Court's order that this action be
20  and it hereby is dismissed.
21           Eight.  The court, per Judge Smith, will enter
22  an order directing the clerk to dismiss this case
23  forthwith in view of the settlement agreement that has
24  been set forth above.
25           Now, I think it's important, having gone through

1   the eight parts of this agreement, to state for the record
2   that on the basis of my discussion with all counsel and
3   the parties, which has been long, extensive and has
4   encompassed several days, we are at a point now where this
5   case is settled. The case is settled right now. There
6   are no more claims. There are no more defenses. All of
7   the claims and all of the defenses have been merged into
8   this simple bilateral contract. The settlement is
9   effective today. It is not contingent on anything being
10  done. The case is settled effective immediately. It is
11  over.
12              Now, let me ask: Do you, Mr. and Mrs. Nyemchek
13  and Mr. Cote, do you acknowledge that this is in fact the
14  case?
15              MR. COTE: Yes.
16              MS. NYEMCHEK: Yes.
17              MR. NYEMCHEK: Yes.
18              THE COURT: And this squares with your
19  understanding, Attorney Linderman and Attorney Kaatz?
20              MR. LINDERMAN: Yes, Judge.
21              MR. KAATZ: It does.
22              Judge, may we ask, just so the record is clear,
23  so the court reporter can identify who is saying what
24  words.
25              THE COURT: Let me --

```
 1              MR. KAATZ:  State here --
 2              THE COURT:  Do you acknowledge and acquiesce in
 3   this agreement, Ms. Nyemchek?
 4              MS. NYEMCHEK:  Yes.
 5              THE COURT:  Mr. Nyemchek, do you acknowledge and
 6   acquiesce in this agreement?
 7              MR. NYEMCHEK:  Yes.
 8              THE COURT:  Mr. Cote, do you acknowledge and
 9   acquiesce in this agreement?
10              MR. COTE:  I don't know the terminology of
11   acquiesce.
12              THE COURT:  Do you agree with?
13              MR. COTE:  Yes.
14              THE COURT:  Mr. Linderman, do you acknowledge
15   and acquiesce in this agreement?
16              MR. LINDERMAN:  Yes, Your Honor.
17              THE COURT:  Mr. Kaatz?
18              MR. KAATZ:  Yes, Your Honor.
19              THE COURT:  Okay.  Gentlemen, Ms. Nyemchek,
20   thanks very much.
21              You know, we've ended this case and I am
22   confident that I'm not going to be seeing any of you back
23   before me again because you're really good people and
24   that's why I spent the time that I did.
25              It's really unfortunate that things didn't work
```

1   out, but this is an unusual case because this is a case
2   where when the parties are separated, each has said so
3   many good, positive, commendable things about the other,
4   that, you know, it's remarkable, and that's why I have
5   remarked upon it.
6           So I guess I won't say any more except to invoke
7   Gertrude Stein. It's settled, it's settled, it's settled.
8   A settlement is a settlement is a settlement. It's over.
9           Thank you very much for working with me and
10  helping me out, and I hope I don't see you again. Thank
11  you.
12          MR. KAATZ: On behalf of, I think I speak for
13  everybody, we deeply appreciate all you've done in this
14  case and we would never have done this much without you.
15          THE COURT: Thank you, Mr. Kaatz.
16          (Proceedings adjourned at 3:50 p.m.)

C E R T I F I C A T E

In Re:  Constitution State Challenge v. Nyemchek

    I, Darlene A. Warner, RDR-CRR, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

*[signature]* COPY

DARLENE A. WARNER, RDR-CRR
Official Court Reporter
450 Main Street, Room #223
Hartford, Connecticut 06103
(860) 547-0580