FILED

2004 SEP 16 A 10: 42

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONSTITUTION STATE CHALLENGE, INC. and NORTHEASTERN OPEN INVITATIONAL, INC.<br><br>Plaintiffs<br><br>v.<br><br>JOHN NYEMCHEK and CATHI NYEMCHEK<br><br>Defendants | CIVIL ACTION NO.:<br><br>3:00 CV 650 (CFD)<br><br><br>September 15, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE JUDGMENT

### I. FACTUAL AND PROCEDURAL BACKGROUND.

This matter is a civil action which was resolved by way of a Stipulated Agreement entered into by the Parties before this Court (Smith, J.) on December 1, 2003. The Stipulated Agreement entered into by the Parties on that date calls for certain limitations on the Defendants with regard to their right to participate in the organization, operation, promotion, etc., of future dance competitions. Specifically the Stipulated Agreement states that:

> *For the periods set forth below John and Cathi Nyemchek will not own, organize, permit others to organize in their names, or lead people to believe that they own or have organized:*
> *a. [Dance] Competitions in Connecticut for ten years;*
> *b. [Dance] Competitions in New York, New Jersey, Massachusetts, for one year;*

    c. *Unsanctioned [dance] competitions in New York, New Jersey or Massachusetts for three years;*

    d. *[Dance] competitions in Connecticut, New York, New Jersey or Massachusetts [within] 90 days of any existing competition for ten years.* **(Transcript of proceedings of 12/01/03 at Page 3).**

In the July/August 2004 edition of *Amateur Dancers*[1] appears the following notice[2]:

**Jun 3 – 5, 2005**
**Dancesport International Championships**
White Plains, NY
Sanctioned by USABDA's USA[3] DanceSport Council
Organized by John and Cathy Nyemchek

## II. ISSUE.

**DOES THE NOTICE REFERENCED HEREINABOVE CONSTITUTE A BREACH BY DEFENDANTS OF THE STIPULATED AGREEMENT OF DECEMBER 1, 2003.**

## III. ARGUMENT.

The cited notice appeared approximately 7 months after the Stipulated Agreement in this matter in a publication widely circulated within the dance community. With respect to the dance competition set forth in said notice the clear and plain language of the notice is that Defendants have organized a dance competition, or permitted others to organize a dance competition in their names, and that

---

[1] A trade publication circulated in the ballroom dance community.
[2] Amateur Dancers July/August 2004 edition at Page 30.
[3] United State's Amateur Ballroom Dance Association

Defendants have led people to believe that they have organized the subject dance competition. The Stipulated Agreement prohibits Defendants from doing this within New York State for a period of one year if the competition is sanctioned and three years if the competition is unsanctioned.

The implicit language of the Stipulated Agreement is that sanctioned competitions refer to competitions sanctioned by the National Dance Counsel of America (NDCA). This competition is not sanctioned by that body. Accordingly, the section of the Stipulated Agreement that is applicable to the instant facts is the section that refers to unsanctioned competitions. Even if this interpretation with regard to sanctioning is contorted to mean other than from what is stated hereinabove, the subject dance competition is still within the one year ban on sanctioned competitions. When interpreting the language of the Stipulated Agreement certain admonitions of The Honorable Christopher F. Droney, when addressing a previous pre-trial agreement reached by the Parties on September 11, 2000 are instructive. On that date Judge Droney stated:

> And finally, I expect full compliance with ***the letter and the spirit*** of the agreement that's been entered into today. (***Constitution State Challenge, Inc., et al. v. John and Cathi Nyemchek, transcript of proceedings of September 11, 2000 before the Honorable Christopher F. Droney at page 44, emphasis added; (copy attached as Exhibit 1 hereto).***

The Stipulated Agreement of December 1, 2003 authorizes this Court (Smith, J.) to retain jurisdiction of this matter for enforcement purposes and to enter summary judgment against the Defendants for any breach of the Stipulated Agreement. The materials presented herein leave no doubt

that Defendants have breached the Stipulated Agreement. Plaintiffs are entitled to their remedy by way of a judgment in the amount of $10,000.00, plus fees and costs, plus enforcement of the original Stipulated Agreement.

## IV. SUMMARY AND CONCLUSIONS.

The Parties to this matter entered into a Stipulated Agreement on December 1, 2003. Defendants have breached that Agreement. The Stipulated Agreement calls for a specific remedy to Plaintiffs in the event of Defendants' breach. Plaintiffs are entitled to the specific remedy of Judgment in the amount of $10,000.00 plus fees and costs plus enforcement of the Stipulated Agreement.

Dated at Hartford, CT this 15th day of September, 2004.

                PLAINTIFFS
                BY THEIR ATTORNEY

                _____
                Leon M. Kaatz
                111 Oak Street
                Hartford, CT 06106
                (860) 247-5640
                Federal Bar No. 00037

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed Certified mail and first class mail, postage prepaid to Defendants John and Cathi Nyemchek, 970 Tilton Road; Valley Cottage, NY 10989 and to Attorney John Linderman, McCormick Paulding & Huber LLP, 185 Asylum Street, Hartford, CT 06103 on or before the 15th day of September, 2004.

_____
Leon M. Kaatz
Commissioner of the Superior Court

1   today here about such a postcard. I'm not ordering it, but
2   it would seem to make sense that you at least continue to
3   talk about it and see if you can come to some kind of an
4   agreement about it.
5       Next, what I want to do is I want to have
6   counsel to report to me on September 20th, which is right
7   before the competition, see how you're doing as to the
8   competition and as to the agreement that's been reached
9   today. And secondly, to report to me on September 27th as
10  to the other items that we've talked about that could occur
11  in the month of October that might need some attention in
12  the form of a Preliminary Injunction Hearing.
13      And finally, I do expect full compliance with
14  the letter and the spirit of the agreement that's been
15  entered into today. It's important that this competition
16  occurs and it is a successful one in September. And if
17  there's any problems with it, I expect you to bring it to
18  my attention immediately in the next two weeks.
19      Is there anything else that we should take up
20  today?
21      MR. KAATZ: Your Honor, I ask the Court to
22  indulge me on a point here. Earlier in argument today
23  made the claim that I felt that we actually had the rig
24  to go out and send the postcard out anyway, and that t
25  burden should be upon them to show cause why we didn't

**EXHIBIT 1**