UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**CONSTITUTION STATE
CHALLENGE, INC. and
NORTHEASTERN OPEN
INVITATIONAL, INC.,**
          **-Plaintiffs**


          -v-                                    CIVIL 3:00 CV 650 (CFD)


**JOHN NYEMCHEK &
CATHI NYEMCHEK,**
          **-Defendants**


### RECOMMENDED RULING ON PLAINTIFFS'
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Pending before the court is the plaintiffs' motion to enforce a settlement agreement that the parties entered into on December 1, 2003 **(Dkt. #110)**.[1]  That agreement, which was set forth on the record before a stenographer, provided in pertinent part that, in the event of a breach by the defendants, the court could summarily[2] enter a judgment for the plaintiff in the amount of $10,000 plus attorney's fees, costs, and whatever other relief the court deemed

---

[1] The pending motion is captioned "Motion to Enforce Judgment," but in reality, the motion seeks the entry of a judgment by the court predicated on a settlement agreement that the parties entered into  December 1, 2003.

[2] The court nevertheless conducted a hearing on this motion October 25, 2004. All parties attended.

appropriate.  (See Tr. at 3).  For the reasons set forth, the motion should be **GRANTED IN PART** (to the extent noted below).[3]

On December 1, 2003, the parties met in the undersigned's chambers for a settlement conference.  (Dkt. #104).  At the conclusion of the day-long session, the parties reached an agreement pursuant to which the case was settled.  (Dkt. #105). Part Two of the Agreement, as read on record at the settlement conference, states that the defendants "will withdraw any presently pending applications they now have with the National Dance Council of America (NDCA) for the right to run a dance competition and will make no new applications for a period of one year."  (Dkt. #108; Tr. at 2-3).  Part Three states:

> For the periods set forth below John and Cathi Nyemchek will not own, organize, permit others to organize in their names, or lead people to believe that they own or have organized:
> a.  Competitions in Connecticut for ten years;
> b.  Competitions in New York, New Jersey, Massachusetts, for one year;
> c.  Unsanctioned competitions in New York, New Jersey or Massachusetts for three years;
> d.  Competitions in Connecticut, New York, New Jersey or Massachusetts for 90 days of any existing competition for ten years.

(Id. at 3).  Part Four states that "[i]n the event the court finds

---

[3] Although the parties' clear and unambiguous expression of consent that the magistrate judge have full "final, binding and non-appealable" authority to enforce this agreement through the entry of judgment, see Transcript at 3-6, would seem to provide an adequate basis for finding that this matter is before the undersigned on consent pursuant to 28 U.S.C. §636(c)(1), the magistrate judge instead treats this as if it were a civil non-dispositive motion pursuant to 28 U.S.C. §636(b)(1)(A).

there has been a breach of this agreement, it may summarily enter judgment for the plaintiffs in the amount of $10,000.00 plus reasonable fees and costs and such other relief as the court deems appropriate." (Id.).

Approximately seven months later, the plaintiffs discovered a notice in *Amateur Dancers*, a trade publication widely circulated within the dance community, which read:

> Jun 3 - 5, 2005
> *Dancesport International*
> *Championships*
> White Plains, N.Y.
> Sanctioned by USABDA's USA
> Dancesport Council.
> Organized by
> John and Cathy Nyemchek.

(Pls. Ex. 1; see also Pls. Ex. 2). This notice was published by the United States Amateur Ballroom Dance Association (the "USABDA") as a result of the Nyemchek's submission of an application. Consequently, the plaintiffs filed the present motion to enforce the settlement agreement.

In their papers in opposition to the pending motion, the defendants argue that because the competition is sanctioned and, as such, a one-year limitation applies, they did not breach the Agreement. (Dkt. #113). At the October 25, 2004 hearing, the defendants argued (1) that because their new application was submitted to the USABDA, not the NDCA, they did not breach the Agreement and (2) that because the Agreement only prohibited them from actually running a competition within the one-year limitation

-3-

and because the competition was not scheduled to take place until after the one-year period, they did not breach the Agreement. The defendants' arguments are not at all persuasive.

Because the events in question took place *within* a year after the parties entered into the Agreement, whether the competition is sanctioned or unsanctioned is entirely immaterial. The defendants contention that they are prohibited only from filing new applications with the NDCA is predicated on an unreasonably restrictive reading of the language of the agreement, one which conflicts with the true intent of the parties at the time the parties entered into the agreement. It contradicts the controlling language of the provision, which makes no such qualification, but instead requires that the plaintiffs "make no new applications for a period of one year." (Dkt. #108; Tr. at 2). The intent of the parties, in reality, was not just that the defendants would make no new applications to the NDCA, but that they would make "*no* new applications [to any entity] for a period of one year." (Dkt. #108; Tr. at 2)(emphasis added). This was the parties' true intent. Indeed, common sense dictates that a noncompete agreement limited as the Nyemcheks suggest would be almost worthless. Accordingly, the court finds that by filing an application with the USABDA, the defendants clearly breached Part Two of the Agreement.

All this aside, the court also finds that the defendants have also breached Part Three of the Agreement. Part Three prohibits

the Nyemcheks from owning, organizing, permitting others to organize in their names, or leading people to believe that they own or have organized competitions in certain regions for certain periods of time. (<u>Id.</u> at 3). The court wholly rejects Ms. Nyemchek's contention at the October 25th hearing that the organization of a competition refers solely to the actual running of the event. Her explanation fails to pass the "straight-face" test. It is not credible. Organization is a process, not a single event. The organization process takes place over a period of time, beginning with the first act of organization and culminating with the completion of the event. While the preparing and filing of an application (and whatever other attendant acts that accompany the preparing and filing of an application) are early steps in the organization process, they are acts of organization nonetheless. The Agreement, by its terms, prohibits *any* organizing on the part of John and Cathy Nyemchek and, as such, by preparing and filing an application, they have breached the Agreement.

In addition to organizing the event themselves, the plaintiffs permitted others to organize in their names in further contravention of Part Three of the Agreement. Advertising a competition is, no doubt, an act of organization as well. The Nyemcheks, seasoned and talented dancers, admittedly subscribe to *Amateur Dancers*. As such, the court finds it impossible to believe that they were not aware that the bimonthly magazine publishes

notices approximately a year in advance. Thus, whether the Nyemcheks themselves published the notice or whether *Amateur Dancers* published it is immaterial. The Nyemcheks knew that, as a result of their filing an application, *Amateur Dancers* would publish a notice. Therefore, they permitted the publication to organize in their names. For this reason as well, the defendants breached Part Three of the Agreement.

In addition, the Nyemcheks led people to believe that they own or have organized the competition in question, also in breach of Part Three of the Agreement. On its face, the published notice states that the advertised competition is <u>organized by John and Cathy Nyemchek</u>. (Pl.'s Ex. 1 & 2). Anyone reading this notice would reasonably believe that the Nyemcheks had organized or were organizing the competition. *Amateur Dancers* is a widely-circulated trade publication read by many across the country associated with amateur dancing. It is reasonable to assume, then, that others have read the notice and relied on its accuracy. Indeed, the plaintiffs read the notice and correctly recognized that the Nyemcheks had organized the competition, thus prompting the plaintiffs to file the present motion. As such, the defendants breached the Agreement.

Based upon all of the foregoing, the court finds that the Nyemcheks breached the Agreement and that, as a result, the plaintiffs are entitled to $10,000.00 plus reasonable costs and

fees. Based on its familiarity with the rate charged by counsel of similar duration and experience at the bar, the undersigned finds that the $225 hourly rate claimed by plaintiffs' counsel, Leon M. Kaatz, is wholly reasonable. The court also finds that the 3.2 hours claimed by Attorney Kaatz in pursuing this motion is reasonable. The court finds that Mr. Kaatz spent one hour in court on October 25, 2004, rather than the 2.5 hours he had estimated the hearing might consume.  Thus, the court subtracts 1.5 hours from the hours Mr. Kaatz has claimed.  The court also finds that plaintiffs' counsel has incurred costs of $10.20 for two certified mailings for a total of $1,292.70. (Pls.' Ex. 3).  The court, therefore, calculates reasonable costs and attorney's fees to be $955.20.

To the extent that the pending motion prays that a judgment enter against the defendants in the amount of $10,000.00, it should be **GRANTED**; To the extent that the motion seeks an order that the defendants pay $955.20 attorney's fees and costs incurred in the preparation, filing, and prosecution of this motion, it should be **GRANTED**;  To the extent that the motion seeks an order that the defendants cancel the dance competition scheduled for June 5, 2005 and publicly withdraw and rescind all notices, advertisements, and publicity associated therewith, it should be **GRANTED**, and the defendants should be commanded and enjoined prospectively to comply with the terms of the settlement agreement.  Plaintiff's oral

motion made at the October 25, 2004 hearing that the terms and conditions of the aforesaid settlement agreement (the "Agreement") be extended an additional year should be **DENIED**.

Therefore, a judgment should enter in favor of the plaintiffs and against the defendants in the amount of $10,955.20, and the defendants should be **commanded and enjoined** to cancel the dance competition scheduled for June 5, 2005 and publicly withdraw and rescind all notices, advertisements, and publicity associated therewith; and the defendants should be commanded and enjoined to comply with the terms of the settlement agreement of December 1, 2003.

Either party may seek review of this report and recommendation as provided in 28 U.S.C. § 636(b) (written objections to recommended ruling must be filed within ten days of service of the same); Fed.R.Civ.P. 6(a), 6(e), & 72; and Rule 2 of the Local Rules for United State Magistrate Judges (D. Conn.). **Failure to object in a timely manner may preclude further review.** <u>Small v. Secretary of Health and Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated at Hartford, Connecticut this_____day of November, 2004.**

                                             _____
                                             **Thomas P. Smith**
                                             **United States Magistrate Judge**