```
                                               FILED

                                            2004 NOV 18  P 12: 41
           UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF CONNECTICUT  U.S. DISTRICT COURT
                                            HARTFORD, CT.
```

|  |  |  |
|---|---|---|
| CONSTITUTION STATE CHALLENGE, INC. and NORTHEASTERN OPEN INVITATIONAL, INC. | ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs | ) ) | 3:00 CV 650 (CFD) |
| v. | ) ) |  |
| JOHN NYEMCHEK and CATHI NYEMCHEK, | ) ) ) | November 18, 2004 |
| Defendants | ) ) ) |  |

### PLAINTIFFS' RESPONSE TO MAGISTRATE'S RECOMMENDED RULING ON PLAINITFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

**Constitution State Challenge, Inc.** and **Northeastern Open Invitational, Inc.**, Plaintiffs in the above matter, submit the following response to the Court's Recommended Ruling on Plaintiffs' Motion to Enforce Settlement Agreement received by Plaintiffs' counsel on November 9, 2004:

1. Plaintiffs request that the Court treat this pleading as a request to review and amend the Court's recommended ruling. Plaintiffs make no request for oral argument or submission of testimony on the matters discussed herein.

2. Plaintiffs are in accord with the Court's recommended ruling regarding imposition of a $10,000.00 penalty, regarding imposition of attorney's fees and costs in the amount of $955.20 and regarding that Defendants cancel thier dance competition scheduled for June

        5, 2005 and publicly withdraw and rescind all notices, advertisements and publicity associated therewith.

3. Plaintiffs note the Court's rejection of Plaintiffs' recommended order that the time period on all prohibitions set forth in the Settlement Agreement be extended for a period of one year.

4. In lieu of extending for one year the time period on all prohibitions set forth in the Settlement Agreement, Plaintiffs request that the Court make the following order:

        Until such time as all orders entered herein for monetary relief are satisfied Defendants will not own, organize, permit others to organize in their names, or lead people to believe that they own or have organized any dance competitions, *sanctioned or unsanctioned*, in New York, New Jersey, Connecticut or Massachusetts.

5. Plaintiffs request that the Court expand its ruling to clarify the distinction between sanctioned competitions and unsanctioned competitions to wit:

        A sanctioned competition shall be defined as a competition sanctioned by the National Dance Council of America (NDCA).

Plaintiffs submit that this definition fully comports with the intent of the Parties during the December 1, 2003 settlement negotiation. In support of this assertion Plaintiffs note that throughout the entire December 1, 2003 session there was never any mention, whatsoever, of any sanctioning body other than the NDCA.

Dated at Hartford, CT this 18th day of November, 2004.

>                    PLAINTIFFS
>                    BY THEIR ATTORNEY
>
>                    _____
>                    Leon M. Kaatz
>                    111 Oak Street
>                    Hartford, CT  06106
>                    (860) 247-5640
>                    Federal Bar No. 00037

ORDER

The foregoing motion having been heard by the Court it is hereby ordered: GRANTED/DENIED.

>                    THE COURT
>
>                    By:_____
>                         Judge/Clerk

CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed first class mail, postage prepaid to Defendants John and Cathi Nyemchek, 970 Tilton Road; Valley Cottage, NY 10989 and to Attorney John Linderman, McCormick Paulding & Huber LLP, 185 Asylum Street, Hartford, CT 06103 on or before the 18th day of November, 2004.

>                    _____
>                    Leon M. Kaatz
>                    Commissioner of the Superior Court